IH-32                                                                                        Rev: 2014-1

# United States District Court
### for the
# Southern District of New York
## Related Case Statement

---

### Full Caption of Later Filed Case:

Jones Day

| Plaintiff | Case Number |
|---|---|
| vs. | 26 Civ. 5523 |
| Skatteforvaltningen; Matthew Stein; Jerome Lhote; Luke McGee | |
| Defendant | |

### Full Caption of Earlier Filed Case:

(including in bankruptcy appeals the relevant adversary proceeding)

Matthew Stein; Jerome Lhote

| Plaintiff | Case Number |
|---|---|
| vs. | 23 Civ. 2508 (NRB) |
| Skatteforvaltningen; Luke McGee | |
| Defendant | |

IH-32                                                                                                                                                      Rev: 2014-1

Status of Earlier Filed Case:

| ✓ | Closed | (If so, set forth the procedure which resulted in closure, e.g., voluntary dismissal, settlement, court decision.  Also, state whether there is an appeal pending.) |
| | Open | (If so, set forth procedural status and summarize any court rulings.) |

Judge Buchwald entered judgment in favor of Skatteforvaltningen on October 9, 2025. ECF 221. PACER indicates that the case was closed as of that date, although there have been many recent filings. An appeal is pending, No. 25-2884 (2d Cir.).

Explain in detail the reasons for your position that the newly filed case is related to the earlier filed case.

The newly and earlier filed cases are related under the criteria set forth in Division Rule 13.

First, both actions concern substantially the same parties, transactions, and events. Both arise from the same dividend withholding tax refund scheme and settlement agreement resolving civil claims arising out of the scheme. Additionally, SKAT, Stein, Lhote, and McGee are parties to both cases. (McGee is a nominal defendant in the earlier filed action.)

Second, there is substantial factual overlap. The newly filed case's core allegations—the operation of the scheme, the settling parties' repayment obligation under the terms of the settlement agreement, and the continuing effect of the settlement agreement—are among the key facts the Court found and applied after a bench trial in the earlier filed case.

Third, the parties could be subjected to conflicting orders, as Jones Day's claims in the newly filed case turn on the legal effect of the settlement agreement and judgment the Court entered in the earlier filed case.

Finally, absent a determination of relatedness, there would be a substantial duplication of effort and expense. The Court conducted a bench trial and issued a 116-page opinion and order in the earlier filed case reflecting extensive familiarity with the settlement agreement and the underlying scheme that the newly filed action implicates. It thus serves the interest of economy and efficiency for the Court to adjudicate the related, newly filed case.

Signature: /s/ Stephen Pearson                                Date: 06/29/2026

Jones Day

Firm: _____

Page 2